# Third District Court of Appeal

## State of Florida

Opinion filed November 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0149
Lower Tribunal No. 22-2698-CA-01
_____

**Aracely P. Cristobal and William Aday,**
Appellants,

vs.

**Universal Property and Casualty Insurance Company**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Gold Litigation, P.A., and Zalman Cole (Dania Beach), for appellants.

Russo Appellate Firm, P.A. and Elizabeth K. Russo, for appellee.

Before LINDSEY, MILLER and GORDO, JJ.

GORDO, J.

Aracely P. Cristobal and William Aday (collectively, the "Homeowners") challenge an order denying a motion to vacate an order of dismissal and the denial of rehearing on the same. Because the Homeowners failed to timely appeal the underlying order denying relief, the motion for rehearing did not toll rendition, and the order denying rehearing is not independently reviewable, we dismiss the appeal for lack of jurisdiction. See Fla. R. App. P. 9.130(a)(4) ("Orders disposing of motions for rehearing or motions that suspend rendition are not reviewable separately from a review of the final order . . . ."); Fla. R. App. P. 9.130(a)(5) ("Motions for rehearing directed to [orders entered on an authorized and timely motion for relief from judgment] are not authorized under these rules and therefore will not toll the time for filing a notice of appeal."); Wood v. Wood, 357 So. 3d 736, 736 (Fla. 3d DCA 2023) ("Appellant . . . challenges a nonfinal order denying a motion to vacate an order of dismissal and the denial of rehearing on the same. Because appellant failed to timely appeal the underlying order denying relief, the motion for rehearing did not toll rendition, and the order denying rehearing is not independently reviewable, we lack jurisdiction to adjudicate this appeal."); Perez v. Saima Grp. Corp., 347 So. 3d 421, 422 (Fla. 3d DCA 2022) ("Because motions for rehearing directed toward orders denying rule

1.540(b) motions are generally not authorized, such a motion does not toll the time period to appeal the underlying order denying the rule 1.540(b) motion, and an order denying such a rehearing motion is not separately reviewable from the order denying the rule 1.540(b) motion. Accordingly, we lack appellate jurisdiction to review the challenged order and grant [appellee's] motion to dismiss the appeal.").

Dismissed.